IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 4, 2008 Session

## STATE EX REL. KENNETH ALLEN BARBEE
## v. SHERRY ROSETTE BARBEE

**Appeal from the Circuit Court for Davidson County**
**No. 04D-1500     Carol Solomon, Judge**

**No. M2007-00242-COA-R3-CV - Filed June 30, 2008**

The State of Tennessee, acting on behalf of a father, filed a petition for contempt against the mother of the parties' three minor children for her failure to pay child support. Following the contempt hearing, the trial court found the mother "might be slightly mentally retarded" but that she had the ability to pay and willfully failed to pay child support on eighteen occasions. Finding her guilty of criminal contempt, the trial court sentenced the mother to 180 days in jail. The mother appeals, contending the State failed to present sufficient evidence that she had the ability to pay child support and failed to present sufficient evidence that her failure to pay was willful. Finding the evidence in the record insufficient to prove that the mother had the ability to pay the amount of support as ordered and that the evidence is insufficient to prove that the mother's failure to pay child support was willful, we reverse the trial court's finding of criminal contempt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Paula Ogle Blair, Nashville, Tennessee, for the appellant, Sherry Rosette Barbee.

Robert E. Cooper, Jr., Attorney General and Reporter, and Warren Jasper, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Kenneth Allen Barbee ("Father") and Sherry Rosette Barbee ("Mother") were granted a divorce in the Circuit Court of Davidson County on October 5, 2004. Pursuant to the Final Decree of Divorce, Marital Dissolution Agreement and Parenting Plan, the father of the couple's three minor

children was designated the primary residential parent, Mother was awarded residential time, and she was ordered to pay child support in the amount of $90.23 per week.[1]

Fourteen months later, the State of Tennessee, on behalf of Father,[2] filed a Petition for Contempt against Mother seeking to hold her in criminal contempt pursuant to Tenn. Code Ann. § 29-9-101, *et seq.* due to her failure to pay child support as ordered by the court. The petition alleged that Mother had failed to make any child support payments and was in arrears in an amount exceeding $4,000. A hearing on the contempt petition was initially set for January 2005; however, the court continued the hearing several times to give Mother an opportunity to find employment and to start paying child support. She failed to do either.

The petition for contempt came on for trial on May 24, 2006. The State's only evidence concerning Mother's ability to pay or her willfulness in failing to pay child support was presented through Father. He testified that Mother was mentally challenged and unemployed. He also testified that she had not paid him any child support. That is essentially all of the evidence presented by the State.

Although the State provided little evidence relevant to Mother's ability to pay or her willfulness in not paying child support, Mother took the stand in her own defense. Significantly, she explained that she had not had a job and that she did not have the ability to pay child support. She also explained that she had submitted numerous applications for employment with fast-food restaurants, motels, and various places of employment, but no one would hire her. Moreover, she explained that she had trouble getting around town to apply for jobs because of her limited ability to read. As Mother explained it, her ability to read was so limited that she had difficulty reading bus signs.

Following the hearing on May 24, 2006, the trial court found Mother in criminal contempt for violating the court's order on eighteen occasions and sentenced her to ten days for each offense for a total of 180 days in jail. The trial court found that Mother "might be slightly mentally retarded" but her condition did not prevent her from working. The trial court additionally found that Mother "is able to work even though she cannot read and write very well."

The court stayed the sentence on the condition that Mother find employment and pay child support. On January 5, 2007, the trial court entered an Order by which the court lifted the temporary stay and ordered Mother to go into custody to begin serving the 180-day sentence. At the request of Mother's counsel, and upon the assurance that Mother would file a timely appeal, the trial court granted a stay of execution pending resolution of this appeal. Mother filed a timely appeal and now the matter is before this court.

---

[1]The trial court ordered payment directly to the father. Pursuant to a January 2005 Administrative Order, Mother was subsequently ordered to pay the child support through the Central Receiving Unit.

[2]Father was receiving Title IV-D services, and therefore, the State was entitled to bring this action pursuant to Tenn. Code Ann. § 71-3-124(c), and 42 U.S.C. § 654(4); and 45 C.F.R. § 302.33.

ANALYSIS

The dispositive issue on appeal is whether the State presented sufficient evidence at the criminal contempt hearing on May 24, 2006, to sustain a conviction of criminal contempt for failure to pay child support.[3] We have determined the evidence was insufficient.

Mother was found guilty of criminal contempt under Tennessee Code Annotated § 29-9-102(3),[4] which authorizes a court to find a person who willfully disobeys a court order to be in contempt of court, and she was sentenced pursuant to Tenn. Code Ann. § 29-9-103(b), which authorizes the court to imprison an individual for up to ten days per violation.

A person charged with criminal contempt is "presumed innocent and may not be found to be in criminal contempt in the absence of proof beyond a reasonable doubt that they have willfully failed to comply with the court's order." *Long v. McAllister-Long*, 221 S.W.3d 1, 13 (Tenn. Ct. App. 2006) (citing *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996); *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993)).

Before a court may find that a party's failure to pay child support was contemptuous under Tenn. Code Ann. § 29-9-102, the court first must determine that the party "had the ability to pay at the time the support was due and then determine that the failure to pay was wilful." *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000). Ability to pay and the willful failure to pay are distinct and separate elements, *Foster v. Foster*, No. M2006-01277-COA-R3-CV, 2007 WL 4530813, at * 6 (Tenn. Ct. App. Dec. 20, 2007), and both must be proven beyond a reasonable doubt in order to find a person in criminal contempt. *State ex rel. Murray v. Neiswinter*, No. M2005-01983-COA-R3-CV, 2007 WL 565823, at *6 (Tenn. Ct. App. Feb. 23, 2007); *McPherson v. McPherson*, No. M2003-02677-COA-R3-CV, 2005 WL 3479630, at *4 (Tenn. Ct. App. Dec. 19, 2005).

A guilty verdict removes the presumption of innocence, and it is replaced with a presumption of guilt. *Black v. Blount*, 938 S.W.2d at 399. Thus, on appeal, the defendant has the burden of illustrating why the evidence is insufficient to support the verdict. *Id.* When the sufficiency of the evidence in a criminal contempt case is raised in an appeal, this court must review the record to determine if the evidence in the record supports the finding of fact of guilt beyond a reasonable doubt, and "if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt" we are to set aside the finding of guilt. *See* Tenn. R. App. P. 13(e) (directing that "findings of guilt in criminal actions *shall* be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt") (emphasis added).

---

[3] In addition to this issue, Mother raised one additional issue. We, however, find the aforementioned stated issue to be dispositive. Therefore, we need not address Mother's second issue.

[4] In the petition, the State requested a sentence of six months or until Mother purges herself of contempt or, in the alternative, that she be found guilty of criminal contempt pursuant to Tenn. Code Ann. § 29-9-101, *et seq.*

We therefore turn our attention to the modest evidence presented at the May 24, 2006 contempt hearing.[5]

It is undisputed that subsequent to the divorce and up until the contempt hearing in May of 2006, Mother failed to pay child support. Her failure to pay child support is a clear violation of the trial court's Order; however, that fact, without more, is wholly insufficient to sustain a finding of criminal contempt for failure to pay child support. The State must additionally prove that Mother had the ability to pay support <u>and</u> that her failure to pay support was willful.

The State's only witness, Father, provided no evidence of Mother's ability to pay and no evidence that her failure to pay was willful. In fact, Father admitted that she was unemployed when they got married and she was not employed at anytime during their marriage.[6] Moreover, Father testified that Mother was "retarded and might have possible mental problems." The only other witness to testify at the contempt hearing was Mother and her testimony did not help the State prove its case. To the contrary, she testified that she made repeated attempts to get a job but was repeatedly denied employment. Specifically, she testified that she put in applications at Motel 6, Sleep Inn North, Waffle House, Krystal, White Castle, Kroger, Burger King, and McDonald's and that none of them called her back for an interview. She also explained that she had difficulty reading and writing[7] and, specifically, that she had trouble reading the simplest of things, bus signs, and for this reason she had to limit prospective employers to business in the vicinity so she did not have to change busses. The record also contains an affidavit of indigency that Mother filed at the beginning of the proceedings. The affidavit established that Mother was unemployed, she had no income, other than AFDC and food stamps, that she had no assets, and she had the obligation of $142 of rent due per month.[8] When asked how she supported herself, Mother testified that she and her other child from another relationship lived with her significant other, who supported them. The State did not introduce any evidence to refute Mother's testimony.

Considering all of the evidence in the record, we have determined that Mother has overcome the presumption of guilt, which was cast upon her when she was found guilty of contempt, by establishing that the evidence is insufficient to establish either of the two essential elements: one, that Mother had the ability to pay the child support obligations; or two, that her failure to pay was

[5]Although there were numerous hearings and additional evidence was considered relative to Mother's efforts to obtain and maintain employment subsequent to the May 24, 2006 trial, there was one only one Petition for Contempt filed and one contempt hearing, the one that took place on May 24, 2006. Therefore, any subsequent facts that led to the lifting of the stay may not be considered when we determine whether the State proved its case at the May 24, 2006 contempt hearing. To minimize confusion, we limited the facts in this opinion to those presented at the May 24, 2006 contempt hearing.

[6]The only evidence presented at the contempt hearing that Mother had ever held a job was that she had worked in housekeeping at a Ramada Inn prior to Mother's marriage to Father. The record does not reveal how long she held the job or why her employment was terminated.

[7]Father also admitted that she could only read and write "a little."

[8]The affidavit was filed with the trial court one month prior the May 24, 2006 contempt hearing.

-4-

willful. With the evidence is insufficient to support the finding guilt beyond a reasonable doubt, we therefore reverse the finding of guilt, as Tenn. R. App. P. 13(e) mandates, and the sentence associated therewith.

## IN CONCLUSION

The judgment of the trial court is therefore reversed, and this matter is remanded with instructions to dismiss the Petition for Contempt. Costs of appeal are assessed against the State of Tennessee.

_____
FRANK G. CLEMENT, JR., JUDGE